UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND, | Case No. 3:20-cv-00268-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| WILLIAM RUEBART, *et al.*, | |
| Respondents. | |

Petitioner Roberto Durand, an incarcerated person in Nevada, has submitted a *pro se* Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the Petition.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Durand challenges a sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Durand*, Case No. C-11-273021-1.[2] In October 2011, Durand pleaded guilty to one count of burglary and one count of attempted sexual

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

assault. A judgment of conviction was entered December 22, 2011.

The Petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993). In narrow circumstances, a state law may create a constitutionally protected liberty interest if the law (1) sets forth the substantive predicates to govern the official decision-making and (2) contains explicitly mandatory language, *i.e.*, a specific directive to the decision-maker that mandates a particular outcome when the substantive predicates have been met. *E.g.*, *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

The Petition alleges that Durand has earned statutory "good time" credits as provided under NRS § 209.4465 and *Williams v. State Department of Corrections*, 402 P.3d 1260 (Nev. 2017).[3] (ECF No. 1-1 at 2.) However, his credits have not been deducted from his minimum term of imprisonment. (*Id.*) According to Durand, this violates the Ex

---

[3]The Court notes that Durand submitted the Petition on a state court form for post-conviction challenges to computation of time, *i.e.*, statutory "good time" credits. Thus, Durand may have intended to mail his form to the Eighth Judicial District Court, rather than the United States District Court for the District of Nevada.

Post Facto Clause because it imposes more punishment than Nevada law allowed at the time he committed the offenses. (*Id.* at 4.) He therefore asks the Court to order the warden to deduct statutory credits from petitioner minimum term of imprisonment. (*Id.* at 5.)

Although Durand mentions the "Ex Post Facto Clause" in the Petition, his claim presents no federal question because it plainly involves the application or interpretation of state law regarding computation of statutory good time credits. *See Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Further, Nevada inmates possess no liberty interest in being released on parole, *Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010), or the application of good time credits, *Witherow v. Farwell*, 383 Fed. App'x 688 (9th Cir. 2010) (holding that good time credits do not apply to an indefinite maximum term such as a life sentence) (citing *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995)). Durand's claim is a question of state law and therefore is not cognizable in federal habeas corpus proceedings.[4] The Court therefore dismisses the Petition.

It is therefore ordered that this action is dismissed without prejudice.

It is furthered ordered that Petitioner Roberto Durand is denied a certificate of appealability, as jurists of reason would not find the dismissal to be debatable or wrong.

It is furthered ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

It is furthered ordered that the Clerk is directed to mail Durand a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1) along with this order.

///

---

[4] The Court notes that his claim also appears non-cognizable in federal habeas because success on its merits "would not necessarily lead to immediate or speedier release" given the discretionary nature of parole decisions. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016).

It is furthered ordered that the Clerk enter final judgment accordingly and close this case.

DATED THIS 12th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE